United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                      Case No. 15-18663-jkf
Paul M. Huggins                                                             Chapter 13
            Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: admin              Page 1 of 1              Date Rcvd: Mar 08, 2019
                             Form ID: 3180W            Total Noticed: 8

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 10, 2019.
db               Paul M. Huggins,   18 South Glenwood Avenue,   Aldan, PA  19018-4013
13681005        +Atlantic Credit & Finance Special Finance,   Unit, LLC Successor in interest to,
                 SYNCHRONY BANK F/K/A GE CREDIT,   c/o Weltman, Weinberg & Reis Co., LPA,
                 436 Seventh Avenue, Ste 2500,   Pittsburgh, PA 15219-1842
13642080         Internal Revenue Service,   Department of the Treasury,   Andover, MA 01810-9041

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg              E-mail/Text: megan.harper@phila.gov Mar 09 2019 02:46:30      City of Philadelphia,
                 City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg              E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 09 2019 02:46:01
                 Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Mar 09 2019 02:46:22      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
13719495         EDI: PRA.COM Mar 09 2019 07:43:00      Portfolio Recovery Associates, LLC,   POB 41067,
                 Norfolk VA 23541
13661286         EDI: WFFC.COM Mar 09 2019 07:43:00      Wells Fargo Bank N. A.,   PO Box 10438,
                 Des Moines, Ia 50306-0438
                                                                                     TOTAL: 5

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 10, 2019                          Signature:  /s/Joseph Speetjens

_____

## CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 7, 2019 at the address(es) listed below:
              CHRISTOPHER  BOKAS   on behalf of Debtor Paul M. Huggins ChristopherBokas@gmail.com,
              paralegaledp@yahoo.com
              JOSHUA ISAAC GOLDMAN   on behalf of Creditor   Nationstar Mortgage LLC bkgroup@kmllawgroup.com,
              bkgroup@kmllawgroup.com
              POLLY A. LANGDON   on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
              ecf_frpa@trustee13.com
              SCOTT  WATERMAN   ECFmail@fredreiglech13.com,  ECF_FRPA@Trustee13.com
              THOMAS I. PULEO   on behalf of Creditor   Nationstar Mortgage LLC tpuleo@kmllawgroup.com,
              bkgroup@kmllawgroup.com
              United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
                                                                               TOTAL: 6

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Paul M. Huggins** | | Social Security number or ITIN   **xxx–xx–9750** |
| | First Name   Middle Name   Last Name | | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | | | Social Security number or ITIN   _ _ _ _ |
| | First Name   Middle Name   Last Name | | EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Eastern District of Pennsylvania** | | | |
| Case number:   **15–18663–jkf** | | | |

# Order of Discharge

**12/15**

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Paul M. Huggins

<u>3/7/19</u>

**By the court:**   <u>Jean K. FitzSimon</u>
United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

### Most debts are discharged

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

### Some debts are not discharged

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

Form 3180W    **Chapter 13 Discharge**    page 1

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**